**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
|  | * |  |
| OBOWU DEVELOPMENT UNION USA, INC., et al. | * |  |
| Plaintiffs, | * |  |
|  |  | **Case No. BPG-10-3554** |
| v. | * |  |
| EMANNUEL IGWE, et al. | * |  |
| Defendants. | * |  |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

The above-referenced case was referred to the undersigned for all proceedings with the consent of the parties, pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4.  (ECF No. 13.) Because it appears from the entire record that the court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), plaintiffs' Amended Complaint (ECF No. 9) is DISMISSED. Specifically, for the reasons discussed herein, the undersigned finds that the requirement of diversity of citizenship as a basis for this court's jurisdiction has not been met.

## I.   BACKGROUND

Plaintiffs Lawrence Iwu ("Mr. Iwu"), on behalf of OBOWU Development Union USA, Inc. ("OBOWU"), Stephen C. Uche ("plaintiff Uche"), and Damien Ejigiri ("plaintiff Ejigiri") (collectively, "plaintiffs"), originally filed this suit for a declaratory judgment that Mr. Iwu is the current Chairman of OBOWU and that defendants do not have the legal authority to manage OBOWU on December 21, 2010 ("Original Complaint").  (Compl., ECF No. 1.)  Plaintiffs named the following individuals as defendants:  Emmanuel Igwe ("defendant Igwe"), Uchenna Anyanwu ("defendant Uchenna Anyanwu"), Ambrose Anyanwu ("defendant Ambrose

Anyanwu"), Israel Ojimadu ("defendant Ojimadu"), and Emmanuel Uwaezuoke ("defendant Uwaezuoke") (collectively, "defendants").  (Id.)  As discussed further herein, after this court questioned jurisdiction, on April 7, 2011, plaintiffs sought leave to amend their Complaint to fix an "inadvertently drafted [and] erro[neous]" identification of OBOWU's principal place of business.  (ECF No. 8.)  Plaintiffs filed an Amended Complaint on April 10, 2011, which removed Mr. Iwu's name from the caption of the case, but continued to reference Mr. Iwu as a plaintiff throughout the text.  (Am. Compl., ECF No. 9.)  Plaintiffs' Amended Complaint also changed the location of OBOWU's principal place of business from Maryland to Delaware.  (Id.)

In the Original and Amended Complaint, plaintiffs alleged that OBOWU is a non-profit corporation which is incorporated in Delaware.[1]  (ECF Nos. 1 at 1, 9 at 1.)  According to both Complaints, OBOWU is led by its National Chairman ("Chairman"), who "serves as the organization's Chief Executive Officer or Chief Spokesperson," "presides at the National Convention and/or any other meetings of the General Membership, and is an authorized signing officer of [OBOWU]."  (ECF Nos. 1 ¶ 14, 9 ¶ 14.)  Mr. Iwu, the lead plaintiff in the Original Complaint, is a resident of Maryland, the current Chairman of OBOWU, and a member of the corporation's board of directors.  (ECF Nos. 1 at 2, 9 at 2.)  Plaintiff Uche is a resident of the state of Michigan and the chairman of OBOWU's board of directors.  (ECF Nos. 1 at 2, 9 at 2.)  Plaintiff Ejigiri is a resident of the state of Louisiana and a member of OBOWU's board of directors.  (ECF Nos. 1 at 2, 9 at 2.)

---

[1] The undersigned notes that the factual allegations in plaintiffs' Original Complaint (ECF No. 1) and plaintiffs' Amended Complaint (ECF No. 9) are substantially identical.  As discussed further herein, the primary differences between the two pleadings are as follows:  (1) plaintiffs' Amended Complaint removes Mr. Iwu from the caption of the case; and (2) plaintiffs' Amended Complaint changes the location of OBOWU's principal place of business from Maryland to Delaware.  (ECF No. 9 at 1-2.)

Defendants are a group of individuals who plaintiffs allege are illegally using the name of OBOWU for personal gain.  (ECF Nos. 1 ¶ 1, 9 ¶ 1.)  Defendant Iwge is a resident of the state of Texas.  (ECF Nos. 1 at 2, 9 at 2.)  Defendant Uchenna Anyanwu is a resident of the state of Texas.  (ECF Nos. 1 at 2, 9 at 2.)  Defendant Ambrose Anyanwu is a resident of the state of California.  (ECF Nos. 1 at 2, 9 at 2.)  Defendant Ojimadu is a resident of the state of North Carolina.  (ECF Nos. 1 at 2, 9 at 2.)  Defendant Uwaezuoke is a resident of the state of Maryland.[2]  (ECF Nos. 1 at 2, 9 at 2.)

In both their Original and Amended Complaint, plaintiffs allege that Mr. Iwu was elected Chairman of OBOWU at its annual convention, held on May 22 through May 24, 2009, and that Mr. Iwu and his Executive Committee have continued to exclusively perform their corporate functions without interruption since they took office at the adjournment of the convention.  (ECF Nos. 1 ¶ 10, 9 ¶ 10.)  According to both Complaints, no defendant has held office in OBOWU "at [any] time during the current term of office of Iwu, [the] Executive Committee, and the current Board of directors."  (ECF Nos. 1 ¶ 10, 9 ¶ 10.)

Both Complaints allege that defendants have "illegally . . . appropriated the name of [OBOWU] for their private gain" by unlawfully claiming to be OBOWU's "members, officers, or members of the board of directors" and fraudulently holding fundraising conventions in the name of OBOWU "for the purpose of raising money for their fraudulent purposes."  (ECF No. 1 ¶¶ 1, 12); (ECF No. 9 ¶¶ 1, 12).  Specifically, plaintiffs claim that "defendants [Igwe and Ambrose Anyanwu] have attempted to usurp the authority of [OBOWU]" by falsely asserting "that they are currently the National Chairman and Treasurer of [OBOWU]" when OBOWU "is currently under the leadership of current Chairman Iwu."  (ECF No. 1 ¶¶ 16-17, 19); (ECF No. 9

---

[2] A review of the Amended Complaint reflects that defendant Uwaezuoke's residency appears to be the only basis for venue in this court.  See 28 U.S.C. § 1391(b)(3).

¶¶ 16-17, 19).  Plaintiffs also allege that "defendants have averted and continue to divert members, dues, gifts and property of [OBOWU] to themselves under the guise that they represent the interests of [OBOWU]."  (ECF No. 1 ¶ 18); (ECF No. 9 ¶ 18).  Finally, plaintiffs claim that defendants "have made and continue to make untruthfully and unfounded representations when all available public information concerning the management and operation of [OBOWU] is currently under the leadership of current Chairman Iwu."  (ECF No. 1 ¶ 19); (ECF No. 9 ¶ 19).

The primary relief that plaintiffs seek in both their Original and Amended Complaint is a declaratory judgment that:  (1) "[Mr.] Iwu is the current Chairman of [OBOWU]"; (2) "[defendants] are not members or officers of [OBOWU's] Executive Committee and have no authority to transact business, hold meetings, conventions, or raise money in the name of [OBOWU];" (3) "all actions of defendants with respect to [OBOWU] . . . [are] ultra vires and of no legal force and effect;" and (4) "any and all funds or property acquired by [defendants] in the name of [OBOWU] have been acquired through fraudulent means, and any such funds and property are funds and property of OBOWU and not of the defendants, and such property shall be returned immediately to [OBOWU] with interest."  (ECF No. 1 ¶ 19); (ECF No. 9 ¶ 19).  Plaintiffs also seek to enjoin defendants from using the name of OBOWU, raising funds in the name of OBOWU, and from "dissipating the assets that rightfully belong to [OBOWU]."  (ECF No. 1 ¶ 3); (ECF No. 9 ¶ 3).

In response to plaintiffs' Original Complaint, in which Mr. Iwu was named as the lead plaintiff (ECF No. 1), defendants asserted a Counterclaim for conversion against Mr. Iwu on March 7, 2011.  (ECF No. 3-1.)  In that Counterclaim, defendants/counter-plaintiffs alleged that Mr. Iwu wrongfully took "approximately $100,000.00" from OBOWU for his own personal

benefit.  (Id. ¶¶ 6-9.)  Accordingly, defendants/counter-plaintiffs sought, in part, the following

relief: (1) "a declaratory judgment that counter-defendant Iwu is not the legitimate chairman of

[OBOWU] and that his election to this position was invalid;" (2) an "injunction [prohibiting]

counter-defendant [Iwu] from engaging in any further declarations or actions that he is a member

of [OBOWU's] board;" and (3) "an order directing counter-defendant [Iwu] to return all money

absconded from [OBOWU]."  (Id. ¶ 9.)  Mr. Iwu remains named as the third-party defendant in

this matter and, to date, Mr. Iwu has not answered the Counterclaim.

      After defendants filed their Counterclaim (ECF No. 3-1), on March 29, 2011, Judge

Hollander held a telephone conference with counsel, and noted that she was "concerned about

the plaintiffs' assertion of diversity jurisdiction, given that one of the defendants and one of the

plaintiffs are Maryland residents."  (ECF No. 5.)  Accordingly, Judge Hollander scheduled a

second telephone conference for the following day, March 30, 2011, to discuss the matter

further.  (Id.)   In the second telephone conference, Judge Hollander again raised her concern "as

to whether the court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2), which requires

complete diversity."  (ECF No. 6.)  Judge Hollander also stated that "even assuming that Mr. Iwu

was not named as a plaintiff, he has been named as a counter-defendant."  (Id.)  Thereafter, the

court ordered plaintiffs' counsel to submit a memorandum addressing this issue.  (Id.)

      In response to the court's Order, on April 7, 2011, plaintiffs' counsel filed a

Memorandum Concerning Jurisdiction Based on Diversity ("First Memorandum"), in which

plaintiffs sought leave to amend their Complaint to correct an "inadvertently drafted error

identifying the location of the corporation at issue in this matter, [OBOWU], as Maryland."

(ECF No. 8.)  In their First Memorandum, plaintiffs also stated that "the Maryland residency of

the named Counter-Defendant, Mr. Iwu, in his capacity as an individual, does not disturb this

Court's ability to try the matter before it." (ECF No. 8 at 2.) On April 10, 2011, plaintiffs filed

an Amended Complaint that changed the location of OBOWU's principal place of business from

Maryland to Delaware and removed Mr. Iwu from the caption of the case, but still referred to

Mr. Iwu as a plaintiff throughout the text of the Amended Complaint.[3] (ECF No. 9 at 1-2.) On

April 13, 2011, Defendants filed correspondence stating that they had researched the issue and

did not intend to file any memoranda addressing subject matter jurisdiction. (ECF No. 10.) To

date, defendants have not answered plaintiffs' Amended Complaint. Immediately after these

filings, the parties consented to have this matter referred to a Magistrate Judge for all

proceedings and to another Magistrate Judge to hold a settlement conference. Accordingly,

Judge Hollander referred this matter to the undersigned for all proceedings. (ECF No. 13.)

     Thereafter, the undersigned sent a letter to counsel noting the jurisdictional concerns that

Judge Hollander had raised and informing counsel that if this action did not settle, the

undersigned would request briefing as to whether the court had jurisdiction under 28 U.S.C. §

1332(a)(2) and whether venue in this court was appropriate. (ECF No. 29.) When the matter did

not settle at a settlement conference held by Magistrate Judge Stephanie Gallagher on November

17, 2011, the undersigned directed counsel to submit a memorandum addressing jurisdiction and

venue. (ECF No. 30.) In response to the court's Order, on December 1, 2011, plaintiffs' counsel

submitted a memorandum ("Second Memorandum") (ECF No. 31) that was substantially

identical to plaintiffs' First Memorandum. (ECF No. 8.) Defendants again filed correspondence

on December 9, 2011, noting that they had researched the issue and did not intend to file any

opposition to plaintiffs' memorandum. (ECF No. 32.)

---

[3] The undersigned notes that, in their First Memorandum, plaintiffs only sought leave to amend their Complaint to correct the identification of OBOWU's principal place of business and did not seek leave to remove Mr. Iwu from the caption of the case. (ECF No. 8.)

On February 23, 2012, after a review of the record, the undersigned noted that it appeared that Mr. Iwu, who had been dropped as a plaintiff in the Amended Complaint, might be a necessary plaintiff in this action, and scheduled a hearing to discuss issues relating to jurisdiction and venue.  (ECF No. 33.)  A hearing was held in open court on March 1, 2012, at which counsel were present.  At the conclusion of the hearing, the undersigned expressed concern that the court did not have subject matter jurisdiction over this matter and provided plaintiffs' counsel with twenty days to provide supplemental briefing as to why the court had jurisdiction under 28 U.S.C. § 1332(a)(2).  (ECF No. 35.)  On March 21, 2012, plaintiffs' counsel submitted a Memorandum Concerning the Citizenship of [OBOWU] ("Third Memorandum").  (ECF No. 36.)  To date, defendant has not filed a response.

## II.   DISCUSSION

### A.   Plaintiffs Have Not Established That This Court Has Subject Matter Jurisdiction

The parties agree that the only possible basis of federal subject matter jurisdiction in this case is diversity of citizenship pursuant to 28 U.S.C. § 1332(a).[4]  (ECF Nos. 8-10, 31-32.) Accordingly, in order to maintain this action, "complete diversity between the plaintiffs and the defendants must exist at the time the complaint [was] filed."  Martinez v. Duke Energy Corp.,

---

[4] 28 U.S.C. § 1332(a) provides, in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State . . . .

28 U.S.C. § 1332.

130 F. App'x 629, 634 (4th Cir. 2005).  The court may raise a challenge as to the absence of

jurisdiction at any time during the case based upon its review of the evidence.  Id.  "The burden

of persuasion for establishing diversity jurisdiction . . . remains on the party asserting it.  When

challenged on allegations of jurisdictional facts, the parties must support their allegations by

competent proof."  Hertz Corp. v. Friend, 130 S. Ct. 1181, 1194-95 (2010).

 Here, the court raised concerns about the absence of jurisdiction at multiple stages of this

action, noting that Mr. Iwu, whose status as a plaintiff in this case would destroy complete

diversity of citizenship, appears to be a necessary plaintiff in this matter.  (ECF Nos. 6, 29, 33,

35.)  Plaintiffs, however, have failed to prove that diversity jurisdiction exists.  Indeed, the record

in this case demonstrates the procedural chaos that plaintiffs have created through their attempts

to create jurisdiction.  Plaintiffs' Original Complaint named three parties who shared Maryland

citizenship:  (1) plaintiff Mr. Iwu, a resident of Maryland; (2) plaintiff OBOWU, originally

alleged by plaintiffs to be a Delaware corporation with its principal place of business in

Maryland; and (3) defendant Uwaezuoke, a resident of Maryland.  (ECF No. 1 at 2-3.)  After

Judge Hollander questioned whether complete diversity existed, plaintiffs filed their First

Memorandum and sought leave to amend their Complaint to "correctly identify [OBOWU] as a

Delaware corporation and citizen of Delaware."  (ECF No. 8 at 1.)  Thereafter, plaintiffs filed

their Amended Complaint, which states that OBOWU's principal place of business is Delaware.[5]

---

[5] The undersigned notes that plaintiffs' Third Memorandum states that OBOWU's
principal place of business is Michigan.  (ECF No. 36.)  Plaintiffs, therefore, have made three
different allegations as to the location of OBOWU's principal place of business throughout this
action:  Maryland, Delaware, and Michigan.  (ECF Nos. 1 at 2, 9 at 2, 36.)  In Hertz Corp. v.
Friend, 130 S. Ct. 1181 (2010), the Supreme Court clarified that "the phrase 'principal place of
business' refers to the place where the corporation's high level officers direct, control, and
coordinate the corporation's activities."  Id. at 1186.  In Hertz, the Court observed that:

(ECF No. 9 at 2.)  In addition, although plaintiffs removed Mr. Iwu's name from the caption of

the case, they continued to name Mr. Iwu as a plaintiff throughout the text of the Amended

Complaint, just as the text appeared in the Original Complaint.[6]  (ECF Nos. 1, 9.)  Because

defendant Uwaezuoke is also a citizen of Maryland and was included as a defendant in both

Complaints (ECF No. 9 ¶ 1), none of the plaintiffs could be citizens of Maryland without

destroying diversity jurisdiction.

---

> [I]n practice, [this place] should normally be the place where the corporation maintains
> its headquarters—provided that the headquarters is the actual center of direction, control,
> and coordination, i.e., the "nerve center," and not simply an office where the corporation
> holds its board meetings . . . .

Hertz, 130 S. Ct. at 1192.  In addition, the Court stated that, where jurisdictional facts are
challenged, "parties must support their allegations by competent proof," noting:

> Indeed, if the record reveals attempts at [jurisdictional] manipulation . . . the courts
> should instead take as the 'nerve center' the place of actual direction, control, and
> coordination, in the absence of such manipulation.

Id. at 1195.

In this case, the record clearly reveals plaintiffs' attempts at jurisdictional
"manipulation," as plaintiffs have made three different allegations as to the location of
OBOWU's principal place of business.  The court, however, is not resolving the issue of
OBOWU's principal place of business because (1) it cannot do so in light of the inconsistent
positions taken by plaintiffs; and (2) it need not do so because, as discussed further herein, Mr.
Iwu is a necessary and indispensable party in this action, whose presence destroys diversity
jurisdiction.  See Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 (4th Cir. 1999) ("questions of
subject matter jurisdiction must be decided first, because they concern the court's very power to
hear the case").

[6] The undersigned also notes that plaintiffs removed their allegations as to Mr. Iwu's
residency from the text of their Amended Complaint.  Plaintiffs' Original Complaint states that
"Plaintiff Lawrence Iwu (hereinafter 'Iwu') is a resident of the state of Maryland and Iwu is the
duly elected Chairman of [OBOWU] . . . ."  (ECF No. 1 at 2.)  Plaintiffs' Amended Complaint
states that "Lawrence Iwu (hereinafter 'Iwu') is the duly elected Chairman of OBOWU . . . ."
(ECF No. 9 at 2.)  Plaintiffs' intentional removal of the reference to Mr. Iwu's residency in the
text of their Amended Complaint provides another example of plaintiffs' attempted jurisdictional
manipulation.

The undersigned raised concerns regarding jurisdiction and venue after Judge Hollander referred the case to the undersigned, and, when the case did not settle, requested supplemental briefing addressing these issues.  (ECF Nos. 29, 30.)  In response, plaintiffs submitted their Second Memorandum (ECF No. 31), which is almost identical to plaintiffs' First Memorandum (ECF No. 8), and continues to refer to Mr. Iwu as a plaintiff.  (ECF No. 31.)  Plaintiffs' Second Memorandum does not address the apparent inconsistency created by removing Mr. Iwu, but no other corporate officer, from the caption of the case.[7]  (Id.)  Instead, in their Second Memorandum, plaintiffs contend that "plaintiffs' Amended Complaint supports subject matter jurisdiction and the citizenship of the parties named in the counterclaim does not affect or destroy diversity."[8]  (ECF No. 31 at 4.)  To support their contention, plaintiffs reiterate the argument made in their First Memorandum that:

> Plaintiffs are [OBOWU], a Delaware corporation whose interests are represented by Mr. Lawrence Iwu; Mr. Stephen Uche, a resident of Michgan and the chairman of the Board of Directors of [OBOWU]; and Mr. Damien Ejigiri, a resident of Louisiana and member of the Board of Directors of [OBOWU].  The defendants are Mr. Emmanuel Igwe, resident of Texas; Mr. Uchenna Anyanwu, resident of Texas; Mr. Ambrose Anyanwu, resident of California; Mr. Israel Ojimadu, resident of North Carolina; and Emmanuel Uwaezuoke, resident of Maryland.  Therefore, parties on plaintiffs' side representing the interests of [OBOWU] and [OBOWU's] Board of Directors are citizens of DE, MI, and

---

[7] It appears that the only officer, or officer representing themselves as such, who is no longer named as a party is Mr. Iwu, whose presence would defeat jurisdiction.  (ECF No. 9.)

[8] This argument substantially reiterates the same point made in plaintiffs' First Memorandum, in which plaintiffs stated that "plaintiffs' Complaint supports subject matter jurisdiction and the citizenship of the parties named in the counterclaim does not affect or destroy diversity."  (ECF No. 8 at 4.)  In their First and Second Memoranda, plaintiffs do not offer support for their conclusory assertion that "plaintiffs' Complaint supports subject matter jurisdiction."  (Id.)  Instead, the primary argument advanced in both of plaintiffs' Memoranda is that Mr. Iwu's status as a third-party defendant does not destroy diversity because "realignment of the parties is not necessary," and, "where realignment of the parties is not necessary, the citizenship of parties named in counterclaims should not be considered in determining whether plaintiffs' original complaint lacks diversity."  (ECF Nos. 8 at 3, 31 at 3.)  As discussed further herein, this argument completely misses the mark as it relates to the core question of whether diversity jurisdiction exists in the primary action.  Moreover, plaintiffs do not address whether Mr. Iwu is a necessary party under a Rule 19 inquiry.

LA, whereas parties on Defendants' side of the matter are citizens of TX, CA, NC, and MD.

(ECF Nos. 8 at 5, 31 at 5.)  In making this argument, however, plaintiffs notably do not state Mr. Iwu's Maryland residency, despite naming the residency of all other plaintiffs and defendants. Mr. Iwu's status as a Maryland citizen is inconsistent with plaintiffs' claim that "parties on plaintiffs' side representing the interests of [OBOWU] . . . are citizens of DE, MI, and LA."  In their First and Second Memoranda, plaintiffs do not explain this inconsistency.

After reviewing plaintiffs' Second Memorandum, as well as the entire record, the undersigned again raised concerns as to jurisdiction and venue, noting that it appeared that Mr. Iwu might be a necessary plaintiff in the action.  (ECF No. 33.)  Accordingly, the undersigned scheduled a hearing to discuss these issues.  (Id.)  At that hearing, plaintiffs' counsel stated that Mr. Iwu is a principal party in this dispute, and that Mr. Iwu is operating on behalf of OBOWU as the corporation's Chairman.  Plaintiffs' counsel also stated that Mr. Iwu is a key witness in this action and that he speaks on behalf of OBOWU.  Finally, plaintiffs' counsel conceded that it appeared that plaintiffs changed the named plaintiffs in the Amended Complaint in order to create diversity.  At the conclusion of the hearing, the undersigned again expressed concern that the court did not have subject matter jurisdiction over this case and provided plaintiffs' counsel with twenty days to provide supplemental briefing as to this issue.  (ECF No. 35.)  In response to the court's Order, plaintiffs' counsel submitted plaintiffs' Memorandum Concerning the Citizenship of [OBOWU] ("Third Memorandum").  (ECF No. 36.)

The primary argument advanced by plaintiffs' Third Memorandum is that OBOWU's principal place of business is Michigan.  (Id.)  In their Third Memorandum, plaintiffs also summarily state that "Chairman Iwu's residence in Maryland was coincidental and he is not a necessary party to the suit."  (Id. at 3.)  Plaintiffs, however, offer no legal or factual support for

11

this contention.  (<u>Id.</u>)   Plaintiffs' conclusory assertion that Mr. Iwu is "not a necessary party to

the suit" is insufficient to support their allegations of jurisdictional facts because this claim,

standing alone, does not establish by a preponderance of evidence that diversity jurisdiction

exists in the primary action.  <u>See</u> <u>McNutt v. Gen. Motors Acceptance Corp. of Ind.</u>, 298 U.S.

178, 189 (1936) ("If [a party's] allegations of jurisdictional facts are challenged by his adversary

in any appropriate manner, he must support them by competent proof.  And where they are not

so challenged the court may still insist that the jurisdictional facts be established or the case be

dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify

his allegations by a preponderance of evidence.")

In sum, plaintiffs have not presented any evidence establishing the court's jurisdiction in

this matter, either in their memoranda or at the hearing held to discuss the issue.  (ECF Nos. 6,

31, 36.)  Instead, plaintiffs have attempted to create jurisdiction, where none existed at the time

the Complaint was filed, simply by excluding Mr. Iwu from the caption of the Amended

Complaint.  (ECF No. 9.)  Defendants are apparently complacent as to plaintiffs' attempts to

manipulate jurisdiction, as they have repeatedly informed the court that they do not intend to

address the issue, and, to date, have not responded to plaintiffs' Amended Complaint or

plaintiffs' Third Memorandum.  (ECF Nos. 10, 32.)  It is clear that Mr. Iwu's presence in the

case would destroy complete diversity of citizenship, the only basis for subject matter

jurisdiction.  Therefore, as discussed below, the court must analyze whether Mr. Iwu is a

necessary and indispensable party to this action under Federal Rule of Civil Procedure 19.

**B.  <u>Mr. Iwu is a Necessary and Indispensable Party</u>**

Federal Rule of Civil Procedure 19 ("Rule 19") sets forth a two-step inquiry for a district

court to utilize to determine whether a party should be joined in an action.  <u>Nat'l Union Fire Ins.</u>

<u>Co. of Pittsburgh, Pa. v. Rite Aid of S.C., Inc.</u>, 210 F.3d 246, 249-50 (4th Cir. 2000).

Specifically, the Fourth Circuit has noted:

> It is a two-step inquiry in which courts must first ask whether a party is necessary to a proceeding because of its relationship to the matter under consideration pursuant to Rule 19(a).  If a party is necessary, it will be ordered into the action.  When a party cannot be joined because its joinder destroys diversity, the court must determine whether the proceeding can continue in its absence or whether it is indispensable pursuant to Rule 19(b) and the action must be dismissed.

<u>Owens-Illinois</u>, 186 F.3d at 440.  Although "dismissal of a case [for nonjoinder] is a drastic

remedy," <u>Nat'l Union</u>, 210 F.3d at 250, it is well-established that:

> [A] decision [to dismiss] must be made pragmatically, in the context of the substance of each case, rather than by procedural formula, by considering the practical potential for prejudice to all parties, including those not before it.

<u>Owens-Illinois</u>, 186 F.3d at 441.  Where an action will affect the interests of a party not before

the court, the ultimate question is:  "Were the case to proceed, could a decree be crafted in a way

that protects the interests of the missing party and that still provides adequate relief to a

successful litigant?"  <u>Teamsters Local Union No. 171 v. Keal Driveway Co.</u>, 173 F.3d 915, 918

(4th Cir. 1999).  Applying this Rule 19 inquiry in the context of the instant case, the undersigned

concludes that Mr. Iwu is a necessary and indispensable party whose joinder would destroy

complete diversity of citizenship, and as a result, this case must be dismissed.

### 1.  **Mr. Iwu is a necessary party to this action and must be joined pursuant to Rule 19(a)**

Federal Rule of Civil Procedure 19(a)(1) ("Rule 19(a)(1)") provides that a person is

necessary and "must be joined as a party," if:

> (A) "in the person's absence complete relief cannot be accorded among those already parties; or
> (B) "the person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or

> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).  The central controversy in this action is "who has the legal authority to preside over [OBOWU] and manage its affairs."  (ECF No. 9 ¶ 13.)  According to the Amended Complaint, OBOWU's bylaws state that the organization is led by its National Chairman, who presides at its annual convention and other corporate meetings, and serves as an authorized signing officer for the corporation.  (Id. ¶ 14.)  In the Amended Complaint, plaintiffs claim that "Plaintiff Iwu has continued, without interruption, to serve in the capacity of Chairman" since he was elected at OBOWU's annual convention between May 22 and May 24, 2009.  (Id. ¶ 2.)  At the March 1, 2012 hearing held in this case, plaintiffs' counsel acknowledged that Mr. Iwu speaks on behalf of OBOWU and that Mr. Iwu is both a principal party and a key witness in this action.  (ECF No. 34.)  Indeed, plaintiffs' first request for relief in their Amended Complaint is a judgment declaring, in part, that Mr. Iwu is the current Chairman of OBOWU.  (ECF No. 9 ¶ 19.)   A determination as to Mr. Iwu's status within OBOWU, and Mr. Iwu's rights and obligations as to OBOWU resulting from that status, therefore, is required for the disposition of this action.  Accordingly, despite plaintiffs' attempts to manipulate jurisdiction, it is clear from the record that Mr. Iwu is a necessary party to this action because (1) this court cannot accord full relief in Mr. Iwu's absence; and (2) permitting this case to continue without Mr Iwu's presence would affect his ability to protect an "interest relating to the subject of the action," that is, his rights and obligations as to OBOWU.  Fed. R. Civ. P. 19(a)(1)(A), (B)(i); see also Keal, 173 F.3d at 920 (It is a "fundamental principle that no court can adjudicate directly upon a person's right, without the party being either actually or constructively before the court.").

As discussed above, a party is also necessary to a proceeding where "disposing of the action in the person's absence may . . . leave an existing party subject to a risk of incurring

double, multiple, or otherwise inconsistent obligations . . . ."  Fed. R. Civ. P. 19(a)(1)(B).  Here, plaintiffs seek a declaratory judgment that Mr. Iwu is the current Chairman of OBOWU and that defendants have no authority to act on OBOWU's behalf.  (ECF No. 9 ¶ 19.)  If this action is allowed to proceed without Mr. Iwu, Mr. Iwu could file suit in another court to protect his interests.  Accordingly, Mr. Iwu is also a necessary party to this action because permitting this suit to continue in his absence would subject the existing parties in this matter to the risk of inconsistent judgments.  See Fed. R. Civ. P. 19(a)(1)(B)(ii); see also Owens-Illinois, 186 F.3d at 441 ("[T]he increased potential for inconsistent judgments is grounds for finding a non-joined party necessary.") (citing cases).

For the foregoing reasons, the undersigned concludes that Mr. Iwu is a necessary party in this action and, accordingly, must be joined as a party.  Fed. R. Civ. P. 19(a)(2).[9]  Because Mr. Iwu's joinder as a party would destroy diversity, the undersigned must now determine whether Mr. Iwu is an indispensable party pursuant to Federal Rule of Civil Procedure 19(b).

## 2.  Mr. Iwu is an indispensable party to this action under Rule 19(b)

Federal Rule of Civil Procedure 19(b) ("Rule 19(b)") provides that:

(b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>    (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>    (2) the extent to which any prejudice could be lessened or avoided by:
>        (A) protective provisions in the judgment;
>        (B) shaping the relief; or
>        (C) other measures;
>    (3) whether a judgment rendered in the person's absence would be adequate; and

---

[9] Rule 19(a)(2) provides, in pertinent part:  "If a person has not been joined as required, the court must order that the person be made a party."  Fed. R. Civ. P. 19(a)(2).

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).  An analysis guided by these factors is "not mechanical; rather it is conducted in light of the equities of the case at bar."  Nat'l Union, 210 F.3d at 252.

First, an analysis of this case under the first and third factors of Rule 19(b)—the extent to which a judgment rendered in Mr. Iwu's absence might prejudice him or the existing parties, or be adequate—addresses many of the same concerns as discussed above regarding a Rule 19(a)(2) analysis.  Owens-Illinois, 186 F.3d at 441.  Here, plaintiffs summarily assert, without any explanation, that "Chairman Iwu is not an indispensable party to the complaint."  (ECF No. 36 at 4.)  As discussed above, however, any disposition of this case rendered in the absence of Mr. Iwu would be inappropriate due to the high potential for prejudice and the substantial risk of inconsistent judgments.

With regard to Rule 19(b)'s second factor—"the extent to which any prejudice could be lessened or avoided" by modifying the relief or the judgment in the case—this court cannot determine whether Mr. Iwu is the current Chairman of OBOWU without addressing his rights and obligations as to OBOWU.  Moreover, plaintiffs have not suggested any alternative relief that would reduce the potential prejudice to Mr. Iwu or the existing parties.  Given the nature of this case and the relief sought, the court frankly cannot conceive of any plausible remedy to avoid or lessen the risk of prejudice other than joining Mr. Iwu in this action.  See, e.g., Owens-Illinois, 186 F.3d at 442 (observing "it is hard to see how the district court could have tailored a remedy to lessen or avoid the potential for prejudice in this case [other than joining non-diverse plaintiffs]" where non-diverse plaintiffs were subject to contractual arbitration provision, and "in order to reach a judgment on the merits of the Petition to Compel Arbitration, the district court could not have avoided addressing the validity and applicability of the [contractual] arbitration

provision").

Finally, with regard to Rule 19(b)'s fourth factor—whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder—the undersigned has no basis upon which to conclude that plaintiff would not have an adequate remedy in another court.  The court's review of the record in this case suggests that plaintiffs have other options with respect to seeking a remedy.  Moreover, plaintiffs have not addressed this issue in any of their pleadings and have not, at any time, suggested that plaintiffs would not have an adequate remedy if this case were dismissed.  Indeed, it appears Maryland was chosen by plaintiffs as the forum because Mr. Iwu lives in Maryland.  In sum, consideration of the Rule 19(b) factors supports a finding that Mr. Iwu is an indispensable party and the undersigned cannot, "in equity and good conscience," allow this action to proceed in his absence.  Fed. R. Civ. P. 19(b).

### 3.   This Action Must Be Dismissed

Because Mr. Iwu is a necessary and indispensable party to this action, his joinder is mandated under Rule 19.  Fed. R. Civ. P. 19.  Mr. Iwu's joinder as a plaintiff in this case, however, destroys complete diversity of citizenship, the only basis for this court's subject matter jurisdiction.  (ECF Nos. 8-10, 31-32.)  Accordingly, plaintiffs' Amended Complaint must be dismissed.[10]

---

[10] See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see also Martinez, 130 Fed. App'x at 634 ("[A] federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction."); Nat'l Union, 210 F.3d at 254 (district court did not abuse discretion in finding that party was necessary and indispensable where party possessed a claimed interest relating to the declaratory judgment action, a substantial risk of inconsistent judgments existed, and all four Rule 19(b) factors weighed in favor of finding party indispensable); Owens-Illinois, 186 F.3d at 440, 442 (district court properly dismissed complaint for lack of subject matter jurisdiction where district court found party was necessary because of high potential for inconsistent judgments and all four Rule 19(b) factors supported a finding that party was indispensable).

### III.     **CONCLUSION**

For the above reasons, it is HEREBY ORDERED this  19  day of September, 2012, that:

1.   Plaintiffs' Amended Complaint for Declaratory and Other Relief (ECF No. 9) is

DISMISSED;

2.   The Clerk of the court shall close this case.


_____/s/_____

Beth P. Gesner

United States Magistrate Judge